UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES BAYSHER                                                                             PLAINTIFF

v.                                                       CIVIL ACTION NO. 4:13CV-110-M

SSA                                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff James Baysher filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

**I.**

Plaintiff filed the complaint on the Court's general complaint form naming "SSA" as the only Defendant. As grounds for filing this case in federal court, Plaintiff states: "1) USC 42-1-1 through 42-1-3 [illegible] and 77-27-21.5(17) doe not prohibit this change; 2) I have been same person with this last name for well over 25 years; 3) Its my legal name." As his statement of the claim, Plaintiff states, "I need the SSA to correct the record to reflect accurate information. To permit the SSA to accept the district court's order to change the spelling of last name and omission of middle initial on maiden name in its record." He reports that he has "had the name Mr. Baysher for as long as I can remember" and that the SSA has an incorrect record of him. He states, "I have held the name for well over 25 years or more and is last name of past family." Further, he avers that he was born in Kansas "and domiciled at Castle Rock and I am working on correcting the record at the SSA/agencies. [] Citizenship is privilege but has no bearing on legal

name and correct spelling of legal name." As relief, he requests "Correct record at SSA and relevant government agencies."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim will be dismissed as frivolous when "indisputably meritless" legal theories underlie the complaint or when it relies on "fantastic or delusional" allegations. *Id*. at 327-28. Moreover, the Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court must construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Here, Plaintiff's claims against Defendant SSA, which the Court presumes to be the Social Security Administration, are premised upon "indisputably meritless" legal theories. Plaintiff requests the SSA and "other relevant government agencies" to change the spelling of his name in their records. He does not contend that he has been damaged in any way or give any indication that he has sought any administrative remedies to get his name changed in the SSA's records. His request does not give rise to a federal cause of action, and the complaint will be dismissed as frivolous. Plaintiff's request must be made directly to the SSA and agencies he claims have an incorrect spelling of his name in their records.

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4414.010